Newman, J.
There is an averment in the petition that plaintiff and the five defendants named are tenants in common, each being seized in fee of an undivided one-sixth part of the real estate of which partition is asked. Plaintiff proceeds upon the theory that he and the five defendants are the absolute owners of the property, as tenants in common, in equal proportions. There is an allegation that Anton Gaier, Sr., has or claims to have an interest in the premises under item four of the will of Barbara Gaier, deceased.’ This item of the will is the sour.ce of the title of the plaintiff and the five defendants. It does not appear from the petition just what the interest of Anton Gaier, Sr.,' is, but, there being the positive averment that plaintiff and the five defendants are the owners in fee, his outstanding life estate, for some reason, is ignored. In the reply of plaintiff, however, there is an admission that Anton Gaier, Sr., holds a life estate in the real estate under the same item of the will from which plaintiff derives his title, and this fact appears also from the testimony of the plaintiff. We are at a loss to know why plaintiff failed to set out in full the provisions of item four. Had there appeared in the petition the fact which was developed upon •the filing of the subsequent pleadings and upon the hearing of the case, namely, the existence of an outstanding life estate, the court would have been advised of the true situation, and the petition would have been subject to a successful challenge by demurrer, for it is the settled law of this state that remaindermen cannot have partition where there is an outstanding life estate.
*123 The purpose of the statutory proceeding in partition is to have set off and divided to the parties in interest their part and proportion of the estate. It is to secure to each tenant the exclusive possession of his share of the real estate theretofore held in common. Before an order of partition can be made there must be a finding that plaintiff has a legal right to a part of the real estate. If he cannot have the immediate and exclusive possession thereof and enjoy his own share in severalty, he cannot be said to have the legal right thereto. It follows then that if the tenant is prevented by an intervening estate from possessing and enjoying his own share of the common estate in severalty, partition will not lie. To hold otherwise would be in disregard of the law announced in Tabler v. Wiseman, 2 Ohio St., 207, in which case Judge Ranney, delivering the opinion of the court, most clearly and convincingly presents the reasons for the conclusion reached by. the court.
The language of the court in Stevens v. Enders, 13 N. J. Law, 271, is in point: “The objects of a partition are to avoid the inconvenience that results from a joint or common and united possession, and to enable the persons entitled to knpw, take ppssessipn pf, enjoy and improve their respective shares. But this inconvenience is not felt by a remainderman; nor can it as regards him be removed by a petition; for his estate is in futuro and not in presentí.”
Where, however, the intervening estate has been terminated by operation of law, or where the owner of such estate has conveyed his interest to the remainderman, partition will lie. But neither *124 condition exists here, for plaintiff admits that his interest in the property is that acquired by him under the will of his mother, Barbara Gaier. He makes no claim to any other interest and he concedes that his father owns a life estate in the property.
But his contention is that when the life tenant, Anton Gaier, Sr., by his answer, consents to the partition or sale of the real estate, free from his life estate therein, and agrees to take the value of the same in money, the court is then authorized to grant the prayer of his petition. He insists that this act of the life tenant has the same force and effect as though he made a conveyance to the remaindermen by deed, that a merger of both estates has been effected and that the remainder-men no longer occupy the relation to the title that they did prior to the filing of the action. Morgan v. Staley, 11 Ohio, 389, and Elrod v. Bass, 1 C. C., 38, are cited as authorities in support of his contention, and these cases seem to have been considered by the circuit court as having a bearing upon the case at bar, but the question here involved was not before the court for determination in those cases.
We do not think the answer of the life tenant will bear the construction given it by the lower courts. True, he consents to partition or sale of the real estate free from his life estate, but, at the same time, he is insisting* that its value be fixed in money by the court and that he be paid the same. And in his testimony he expressly states that he is still the owner of the life estate. The circuit court made a finding that he had *125 waived his interest in the real estate, and,- in its order of partition, treated the real estate as though it were held in fee simple by plaintiff and the five defendants as tenants in common. As we view the matter, this was error, for there is' nothing in the record to warrant such a finding.
The life tenant evidently assumed that, from the nature of the property sought to be partitioned, the same could not be set off or divided into parts, and that the commissioners appointed by the court would so determine and that a sale would follow. He may have been correct in his assumption in reference to the indivisibility of the property, but, as we construe the statutes relating to partition, a sale of the property cannot be ordered unless the right to partition exists. The sale is merely an incident to partition and can be had only when the commissioners are of the opinion that the estate cannot be divided according to the demand of the writ without manifest injury to its value, and the)'- make that fact known to the court. The right of partition is a condition precedent to the right of sale, and the latter is resorted to in order to prevent a sacrifice of the property.
Plaintiff, in this case, is a remainderman, holding an undivided one-sixth interest in the real estate, subject to the life estate of Anton Gaier, Sr., therein. Plaintiff did not have the possession of his interest or an immediate right to the possession of the real estate sought to be partitioned. The consent of the life tenant to a partition and sale did not confer this right upon the remainder-men. And again, the five defendants^ plaintiffs *126 in error here, are objecting to a partition of the property in which they are interested, and we know of no provision of the statutes which will authorize a sale of the real estate, during the existence of the life estate, upon the application of one of the remaindermen, acquiesced in by the life tenant, over the objection of the other remaindermen. •
The proceeding below was, in effect, an attempt by the plaintiff and life tenant to force a sale of real estate where the right of partition did not exist. There was no statutory authority to grant the prayer of the petition and make an order of partition.
When it appeared that plaintiff held his interest in the real estate subject to a life estate, the petition and the answer of the life tenant, which was in the nature of a cross-petition, should have been dismissed.

Judgment reversed, and judgment for plaintiffs in error.

Nichols, C. J., Shauck, Johnson, Donahue, Wanamaker and Wilkin, JJ., concur.